IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE TUMEY, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-294-GPM |
| | ) |
| SUPERVALU, INC., | ) |
| | ) |
|        Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the notice of removal and complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court undertakes a rigorous initial review of complaints and notices of removal to ensure that jurisdiction is properly pleaded.

Defendant removed this action, in which Plaintiff asserts a slip and fall personal injury claim, based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Defendant properly alleges that it is a citizen of Delaware, where it is incorporated, and of Minnesota, where it has its principal place

of business. *See* 28 U.S.C. § 1332(c)(1). However, Defendant's allegations that "[u]pon information and belief, … Plaintiff is a resident of St. Clair County, Illinois … and that for purposes of diversity, she is a citizen and resident of the State of Illinois" are insufficient to establish Plaintiff's citizenship (*see* Doc. 2, ¶ 3). First, an allegation based upon "information and belief" is insufficient to establish diversity of citizenship jurisdiction. *See America's Best Inns*, 980 F.2d at 1074. Second, Plaintiff's *residence* does not determine her citizenship; her domicile is what matters for purposes of diversity jurisdiction. *Id*. ("[i]n federal law citizenship means domicile, not residence"). As the proponent of jurisdiction, Defendant must establish the requirements for subject matter jurisdiction, *see Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006), and at this time, it has not done so.

Although it seems likely that Defendant will be able to establish jurisdiction by more appropriate allegations, "subject matter jurisdiction must be a matter of certainty and not of probabilities." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Defendant Supervalu, Inc., must establish that the removal of this action is proper, even though it claims to be an improperly named defendant (*see* Doc. 3). Until subject matter jurisdiction is established, the Court lacks jurisdiction to rule on Plaintiff's motion for leave to file an amended complaint to add the proper defendant.[1] Pursuant to 28 U.S.C. § 1653, Defendant is **ORDERED** to file an Amendment to the Notice of Removal **on or before April 29, 2011**, to set forth Plaintiff's citizenship. If Defendant fails to file an Amendment to the Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendant cannot establish federal

---

[1] Notably, Plaintiff's proposed amended complaint fails to include any allegations invoking this Court's subject matter jurisdiction.

subject matter jurisdiction, the Court will remand the action to the Twentieth Judicial Circuit Court, St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 04/19/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge