IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE TUMEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-294-GPM |
| | ) |
| SUPERVALU, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant Supervalu, Inc., removed this personal injury action under the Court's diversity of citizenship jurisdiction. According to the amended notice of removal (Doc. 8), Plaintiff Michelle Tumey is a citizen of Illinois. Defendant Supervalu, Inc., is a Delaware corporation with its principal place of business in Minnesota and, therefore, is a citizen of Delaware and Minnesota. *See* 28 U.S.C. § 1332(c)(1). Supervalu, Inc., filed a motion to dismiss on the basis that it is an improperly named party. In response, Plaintiff seeks leave to amend the complaint to name the proper defendant, Shop 'N Save Warehouse Foods, Inc. Plaintiff's proposed amended complaint, however, fails to properly allege the parties' citizenship.[1] *See generally Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989).

---

[1] As stated, according to the amended notice of removal, Plaintiff is a citizen of Illinois. The Court is unable to discern the citizenship of Shop 'N Save Warehouse Foods, Inc.

Plaintiff's motion for leave to file an amended complaint (Doc. 6) is **GRANTED in part and DENIED in part**. It is granted to the extent that Plaintiff is granted leave to properly name the defendant as Shop 'N Save Warehouse Foods, Inc. It is denied to the extent that Plaintiff must correct the jurisdictional deficiencies identified above before filing her amended complaint. Pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amended Complaint **on or before October 4, 2011**, to establish the citizenship of Shop 'N Save Warehouse Foods, Inc.[2] Plaintiff's Amended Complaint need not be accompanied by another motion for leave to file.

Defendant's motion to dismiss (Doc. 3) is **GRANTED**. Supervalu, Inc., is terminated as a defendant in this case.

**IT IS SO ORDERED.**

DATED: 09/27/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2] Plaintiff does not contest Defendant's assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs; thus, the Court finds that the amount in controversy requirement is satisfied. *See generally Rising-Moore v. Red Rood Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006).